# The Ohio Law Abstract

Copyright 1923. by The Law Abstract Co.

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland Ohio, under the

Act of March 3, 1879.

| | | |
|---|---|---|
| CHIEF EDITOR | - · - | - W. J. TOSSELL |
| President | - - | J. F. Laning |
| Secretary and Treasurer | - | S. R. Laning |
| Circulation Manager | - - | Sam H. Torrey |

### Issued Every Wednesday

### 50 Weeks of the Year.

Subscriptions may be made to begin at No. 27 or any subsequent number.

#### SUBSCRIPTION PRICES and TERMS

Per year (50 issues)..............................$15.00
Single Numbers ................................ .50
No. 36 (First Semi-Annual Digest Number) sep-
araptely ................................... 2.50
No. 50 (Second Semi-Annual Digest Number) sep-
arately ................................... 2.50
Nos. 1 to 26 Alone, Bound Volume
Paper ...................................... 8.50
Cloth ..................................... 9.00
Leather ................................... 10.00
Papers In Arrears May Be Stopped Without
Further Notice

Address all communications to:

The Law Abstract Co., 403 The Acrade
Address Mail to Box 77
•          Cleveland. O.

## SUPREME COURT OF OHIO
### Friday, September 28, 1923

### GENERAL DOCKET

18119—John E. McCrehen, ex rel. State of Ohio, v. Thad H. Brown, Secretary of State. In Prohibition. Writ allowed. Marshall, C. J., Wanamaker, Robinson, Day and Allen, JJ., concur. Jones, J., took no part in the consideration or decision of the case.

18129—State, ex rel. D. C. Keller, v. S. E. Forney et al. In Mandamus. Writ denied. Marshall, C. J., Wanamaker, Day and Allen, JJ., concur. Robinson, J., dissents. Jones, J., took no part in the consideration or decision of the case.

No. 18129—The State, ex rel. D. C. Keller, v. S. E. Forney, C. A. Horn and John A. Cassidy, constituting the Tax Commission of Ohio. In Mandamus.

### 341. STATUTES.

Exceptions to operations of to be strictly construed —Sec. 1d, Art. II, Constituoion, as to referendum of Acts of Assembly, to be so construed.

### 355. TAXATION.

The language of Art. II, Sec. 1d, "laws providing for tax levies," is limited, not synonymous with terms in certain other tax laws.

## WANAMAKER, J.

1. **Exceptions** to the operation of laws,, whether statutory or constitutional, should receive strict but reasonable construction.

2. The language of Section 1d, Article II, of the Constitution expressly enumerating certain exceptions to the people's right of referendum upon acts of the General Assembly must be construed and applied with reference to this rule.

3. The express language "laws providing for tax levies" is limited to an actual self-executing levy of taxes and is not synonymous with laws "relating" to tax levies or "pertaining"-to tax levies, or "concerning" tax levies, or any agency or methed provided for a tax levy by any local subdivision or authority.

Writ dcnied.

Marshall, C. J., Day and Allen, JJ., concur. Robinson, J., dissents. Jones, J., not participating.

### SYLLABI

No. 18119—John E. McCrehen, ex rel. State of Ohio, v. Thad H. Brown, Secretary of State. In Prohibition. ·

### 164A. ELECTIONS. '

**Referendum**—Secretary of State cannot determine the sufficiency of petitions for—Nor as to any question relative thereto, until returned to him from Deputy State Supervisors—Duties of Secretary, under 5175-29h GC., are mandatory, as to immediate transmittal of parts of petition to the various counties.

1. Section 1g, Article II, of the Constitution of Ohio and the laws which have been "passed to facilitate their operation" by the General Assembly confer no power upon the Secretary of State to determine the sucifiency of the referendum petition or any of its parts at the time such petition is filed with the Secretary of State. The Secretary of St has neither express nor implied power to make any determination relative to such petition until after the parts thereof have been transmitted to the boards of deputy state supervisors of elections of the counties from which there appear names of electors on the parts of such petition, and after the same have been returned to the Secretary of State with certification of the numbers of signatures thereto.

2. By virtue of the provisions of Section 5175-29h, GC., it is the duty of the Secretary of State immediately to transmit the parts of such petition, upon the same being filed in his office, to the boards of deputy state supervisors of elections in the various counties from which there appear names of electors on the parts of said petition, and such duty is mandatory.

Writ allowed.

Wanamaker, Day and Allen, JJ., concur. Robinson, J., concurs in judgment. Jones, J., not participating.